IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARSAAN NEWMAN, | § | |
| | § | |
| Defendant Below, | § | No. 367, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | Cr. ID No. 1202018751 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 23, 2015
Decided: March 8, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 8th day of March 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Marsaan Newman, filed this appeal from a Superior Court order denying his first motion for postconviction relief under Superior Court Criminal Rule 61.  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Newman's opening brief that his appeal is without merit.  We agree and affirm.

(2)     The record reflects that, on September 18, 2012, Newman pled guilty to Robbery in the First Degree and Assault in the Second Degree in exchange for

dismissal of other charges. The charges arose from Newman's assault and robbery of an elderly man. The plea agreement reflected that the State intended to seek habitual offender sentencing under 11 *Del. C.* § 4214(a) for the Robbery in the First Degree charge. Newman acknowledged that he was subject to sentencing under 11 *Del. C.* § 4214(a) based upon on three previous felony convictions. Newman was sentenced as a habitual offender to a total of fifty-three years of Level V incarceration, suspended after fifty years for decreasing levels of supervision. Newman did not appeal the Superior Court's judgment.

(3) On September 11, 2013, Newman filed his first motion for postconviction relief. Newman claimed he was entitled to postconviction relief because: (i) his counsel was ineffective for failing to investigate his mental health issues; (ii) his plea agreement was unfulfilled because he expected to receive a sentence of no more than twenty-five years of Level V incarceration; and (iii) the sentence was excessive in light of the nature of his crimes. The Superior Court appointed postconviction counsel to represent Newman.

(4) On March 17, 2014, postconviction counsel filed a motion to withdraw on the basis that he could not ethically advocate Newman's arguments and had not found any other meritorious grounds for relief. Newman filed a response to the motion to withdraw, arguing that his trial counsel's failure to investigate his mental health meant that he did not pursue a competency or insanity

2

defense and that his trial counsel repeatedly advised him that he would lose at trial and to plead guilty. At the direction of the Superior Court Commissioner, Newman's trial counsel filed an affidavit in response to Newman's motion for postconviction relief.

(5) In an order dated March 10, 2015, the Superior Court Commissioner recommended that the Superior Court grant postconviction counsel's motion to withdraw and deny Newman's motion for postconviction relief. The Superior Court Commissioner concluded that Newman's ineffective assistance of counsel and unfulfilled plea agreement claims were without merit and his excessive sentencing claim was outside the scope of Rule 61. In an order dated June 11, 2015, the Superior Court accepted the recommendation of the Superior Court Commissioner, granted the motion to withdraw, and denied Newman's motion for postconviction relief. This appeal followed.

(6) This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[1] When reviewing the Superior Court's denial of a motion for postconviction relief, this Court must first consider the procedural requirements of Rule 61 before addressing any substantive issues.[2] On appeal, Newman argues that his trial counsel was ineffective because he did not investigate Newman's mental health issues and he misadvised Newman

---

[1] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).
[2] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

3

to plead guilty. Newman's failure to raise his unfulfilled plea agreement and excessive sentencing claims in his opening brief constitutes a waiver of those claims.[3]

(7)     We agree with the Superior Court that the procedural bars of Rule 61(i) did not bar Newman's timely claims of ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel after entry of a guilty plea, Newman must demonstrate that his trial counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability that but for counsel's errors, he would not have pled guilty and would have insisted on proceeding to trial.[4]    There is a strong presumption that counsel's representation was professionally reasonable.[5]   Conclusory and unsupported claims of prejudice are insufficient to establish ineffective assistance; Newman must make and substantiate concrete claims of actual prejudice.[6]

(8)     As to Newman's mental health, trial counsel stated in his affidavit that he arranged for a psycho-forensic evaluator with the Office of Public Defender to interview Newman and the psycho-forensic evaluator concluded that Newman was clearly competent. Trial counsel further stated that Newman gave no indication that his mental health could constitute a colorable defense. At the guilty plea

---

[3] Supr. Ct. R. 14(b)(vi)(A)(3) ("The merits of any argument that is not raised in the body of the opening brief shall be deemed waived and will not be considered by the Court on appeal.").
[4] *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985); *Allbury v. State*, 551 A.2d 53, 59 (Del. 1988).
[5] *Strickland v. Washington*, 466 U.S. 668, 689-90 (1984).
[6] *Dawson*, 673 A.2d at 1196.

colloquy, trial counsel informed the Superior Court that Newman told him he had spent time at MeadowWood Hospital in the past year, but that he did not have any questions regarding Newman's competency. Given trial counsel's representations and Newman's failure to offer any details concerning the alleged mental health issues he claims trial counsel should have discovered, the Superior Court did not err in concluding that Newman failed to establish that his counsel's representation was objectively unreasonable or prejudicial.

(9) Newman's claim that his trial counsel misadvised him to plead guilty is similarly without merit because it is again based on Newman's conclusory and unsupported allegations of mental health issues. To the extent Newman claims his guilty plea was not knowing, intelligent, and voluntary, this claim is contrary to the terms of the Truth-in-Sentencing Guilty Plea Form and his guilty plea colloquy with the Superior Court. In the Truth-in-Sentencing Guilty Plea Form, Newman indicated, among other things, that he was not under the influence of any drugs or alcohol, he freely and voluntarily decided to plead guilty, and he was satisfied with his trial counsel's representation. During the guilty plea colloquy, Newman told the Superior Court, among other things, that he was guilty of Robbery in the First Degree and Assault in the Second Degree, he understood that he could face a sentence of up to life imprisonment, he was not threatened or forced to plea guilty, he was not under the influence of any drugs or alcohol, and he was satisfied with

5

trial counsel's representation. Absent clear and convincing evidence to the contrary, which he has not provided, Newman is bound by these representations.[7] We therefore conclude that the Superior Court did not err in denying Newman's motion for postconviction relief.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Justice

---

[7] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).